Filed 10/6/20  P. v. Martinez CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B298076 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA325247) |
| v. | |
| DANIEL MARTINEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court for Los Angeles County, Robert Perry, Judge.  Reversed and remanded.

Chris R. Redburn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Daniel Martinez appeals from the denial of his petition for resentencing under Penal Code[1] section 1170.95. Defendant, who was the driver of the car involved in a gang-related drive-by shooting that resulted in a death, was convicted of second degree murder in 2008. He filed a petition for resentencing in January 2019, which the trial court summarily denied, finding that defendant was not eligible for resentencing because he "clearly acted with an intent to kill and while not the actual killer was a major participant and acted with reckless indifference to human life"; the court also denied defendant's petition because it found that section 1170.95 and the bill enacting it (Senate Bill No. 1437, hereafter S.B. 1437) were unconstitutional.

Defendant contends the trial court failed to comply with section 1170.95 and deprived him of his statutory and constitutional right to counsel by denying his petition without appointing him counsel, and that there was no evidence to support the court's findings. He also contends that section 1170.95 and S.B. 1437 are constitutional. The Attorney General concedes that the trial court erred by summarily denying defendant's petition, and that S.B. 1437 is constitutional. Both parties contend the matter must be remanded, that counsel must be appointed for defendant, and that both sides must be allowed to submit briefs in accordance with subdivision (c) of section 1170.95.[2] We concur.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Although the conclusion in defendant's opening brief seems to suggest he is asking that the trial court be required, upon reversal, to issue an order to show cause, he indicates in his reply brief that he is requesting that an order to show cause be issued after completion of the first round of briefing,

2

Accordingly, we reverse the trial court's order and remand the matter with directions to the trial court to appoint counsel for defendant and, after allowing briefing in accordance with section 1170.95, subdivision (c), determine whether to issue an order to show cause.

## BACKGROUND

Our summary of the factual and procedural background is based in part upon our opinion affirming defendant's conviction, *People v. Martinez* (Nov. 9, 2010, B211420) [nonpub. opn.], 2010 WL 4457708 (*Martinez I*).

Defendant and George Gallegos were friends and members of a gang. In May 2006, defendant was walking with two friends (who were fellow members of the gang) when shots were fired at them. Defendant was not hit, but his two friends were; one died from his gunshot wounds, and the other was rendered a paraplegic. (*Martinez I, supra,* 2010 WL 4457708, at p. *1.)

On October 29, 2006, defendant and Gallegos attended the funeral of a member of an allied gang who had been killed the prior week; defendant and Gallegos's signatures were adjacent to each other in the condolence book from the funeral. Later that evening, three men were standing outside a liquor store when a car drove up and stopped in front of them. The passenger in the back seat asked one of them about their tagging crew affiliation, and he responded that he was with a tagging

---

assuming, of course, the trial court finds that he might be entitled to resentencing.

crew that was a rival of defendant's and Gallegos's gang. Shots were fired from the car, and one of the three men was killed. (*Martinez I, supra*, 2010 WL 4457708, at p. *1.)

In July 2007, police arrested Gallegos for a different murder. When officers executed a search of Gallegos's home, defendant was there. (*Martinez I, supra*, 2010 WL 4457708, at p. *1.) After the search, one of the officers, who recognized defendant as a suspect in the October 2006 shooting, asked him if he would come to the station and speak with some officers. Defendant agreed. He spent several hours at the station, including almost three hours being interviewed about the October 2006 shooting, and eventually admitted being the driver of the car from which the shots were fired. (*Martinez I, supra*, 2010 WL 4457708, at p. *2.)

In a second amended information, defendant and Gallegos were charged with the murder of the October 2006 victim (Gallegos also was charged with two other murders in the same information). The information also alleged that Gallegos personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b), (c), (d)), and that a principal personally and intentionally discharged a firearm causing great bodily injury and death (§ 12022.53, subds. (b), (c), (d), (e)(1)). The information also alleged that the murder was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(4)). Finally, the information alleged as to Gallegos—but not as to defendant—that Gallegos intentionally killed the victim while Gallegos was an active participant in a criminal street gang (§ 190.2, subd. (a)(22)), and that

4

the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside the vehicle with the intent to inflict death (§ 190.2, subd. (a)(21)).

A jury found defendant guilty of second degree murder, and found the allegation that a principal discharged a firearm (§ 12022.53, subds. (d), (e)(1)) and the gang allegation (§ 186.22, subd. (b)(4)) were true. The jury also found to be true "the allegation that the murder was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside the vehicle, with the intent to inflict great bodily injury, pursuant to Penal Code section 190(d)."

Defendant was sentenced to 20 years to life in prison for the murder under section 190, subdivision (d), plus 25 years for the gun allegation, for a total of 45 years to life. We affirmed the judgment in our prior opinion. (*Martinez I*, *supra*, 2010 WL 4457708.)

Defendant filed the section 1170.95 petition at issue in this appeal in January 2019. In his petition, defendant alleged that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, and that he had been convicted of murder under a felony murder theory or the natural and probable consequences doctrine and was entitled to be resentenced. He also requested that counsel be appointed to represent him.

The trial court summarily denied the petition, stating: "In this case, the scourge of gang violence influenced Defendant Martinez to join in a drive-by shooting which resulted in death." After setting forth the

5

facts summarized above (i.e., the facts set forth in our prior opinion),[3] the court concluded: "Martinez clearly acted with an intent to kill and while not the actual killer was a major participant and acted with reckless indifference to human life. He is specifically excluded from sentencing relief under Penal Code Section 1170.95. See Penal Code Section 189(e)(2) and (3). [¶] Martinez' petition for resentencing is unmeritorious and is denied." The court went on to state that, as a second and independent ground for denying the petition, it found that S.B. 1437 and section 1170.95 were unconstitutional.

Defendant timely filed a notice of appeal from the denial of his section 1170.95 petition.

## DISCUSSION

As noted, defendant contends, and the Attorney General concedes, that the trial court erred by summarily denying defendant's petition without first appointing counsel for him and without allowing the parties an opportunity to file additional briefing. We agree.[4]

---

[3]     Because the issues in the prior appeal were narrow—i.e., whether defendant's admissions to the police were the result of an illegal seizure of his person and the sufficiency of the evidence to support the gang enhancement (*Martinez I*, *supra* 2010 WL 4457708, at p. *1)—our factual and procedural summary in that opinion included only the facts necessary to address those issues. Thus, we did not discuss the theory under which defendant was prosecuted for murder, the arguments of counsel, or the instructions given to the jury.

[4]     In light of this, and the Attorney General's concession that S.B. 1437 and section 1170.95 are not unconstitutional, we need not address defendant's other arguments.

6

A.	*Amendment of the Felony Murder Rule and Natural and Probable Consequences Doctrine*

On January 1, 2019, California's felony murder rule and the natural and probable consequences doctrine were altered by S.B. 1437. S.B. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It accomplished this purpose by amending section 188, defining malice, and section 189, defining the degrees of murder.

In amending section 188, S.B. 1437 added the following provision: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) S.B. 1437 also added the following as subdivision (e) of section 189: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless

7

indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

### B. *Petitions Under Section 1170.95*

In addition to amending the felony murder rule and the natural and probable consequences doctrine, S.B. 1437 also added section 1170.95. (Stats. 2018, ch. 1015, § 4.) That statute allows a person convicted of felony murder, or murder under the natural and probable consequences doctrine, to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial. . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189." (§ 1170.95, subd. (a).)

Subdivision (b)(1) of section 1170.95 requires that the petition be filed with the court that sentenced the petitioner, and must include (a) a declaration by the petitioner that he or she is eligible for relief under the section; (b) the superior court case number and year of conviction; and (c) whether the petitioner requests appointment of counsel. Subdivision (b)(2) provides that the trial court may deny the petition without prejudice if any of the information required by subdivision

(b)(1) is missing and cannot be readily ascertained by the court. (§ 1170.95, subd. (b)(2).)

Subdivision (c) provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

The remainder of the statute sets forth the procedure for responding to, and the hearing on, the order to show cause, as well as post-hearing matters.

Our court, and other appellate courts in California, have been inundated with appeals from summary denials of section 1170.95. In most, if not all, of those appeals defendants contend that section 1170.95 does not allow a trial court to deny a section 1170.95 petition before the appointment of counsel (if requested) and briefing by the parties. As we have noted in our previous opinions, that contention has been rejected by numerous courts, and the issue is currently before our Supreme Court. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140 (*Lewis*), rev. granted, S260598, March 18, 2020; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), rev. granted,

S260410, March 18, 2020; *People v. Verdugo* (2020) 44 Cal.App.5th 320 (*Verdugo*), rev. granted, S260493, March 18, 2020.)

We find the analysis in *Verdugo* particularly persuasive. As that court explained, "the relevant statutory language, viewed in context, makes plain the Legislature's intent to permit the sentencing court, before counsel must be appointed, to examine readily available portions of the record of conviction to determine whether a prima facie showing has been made that the petitioner falls within the provisions of section 1170.95—that is, a prima facie showing the petitioner may be eligible for relief because he or she could not be convicted of first or second degree murder following the changes made by [S.B.] 1437 to the definition of murder in sections 188 and 189." (*Verdugo, supra*, 44 Cal.App.5th at p. 323; see also *Lewis, supra*, 43 Cal.App.5th at pp. 1137-1140; *Cornelius, supra*, 44 Cal.App.5th at p. 58.)

We need not discuss the *Verdugo* court's analysis in detail here. Suffice to say that a key component of that analysis is the appellate court's conclusion that subdivision (c) of section 1170.95 provides for an initial prima facie review that "must be something more than simply determining whether the petition is facially sufficient"[5] (*Verdugo, supra*, 44 Cal.App.5th at p. 328), but it "must also be different from the postbriefing prima facie showing the petitioner 'is entitled to relief,' required for issuance of an order to show cause, if only in the nature and extent of materials properly presented to the court in connection

---

[5] The court noted that if this were not the case, the first sentence of subdivision (c) would be surplusage in light of subdivision (b)(2). (*Verdugo, supra*, 44 Cal.App.5th at pp. 328-329.)

10

with the second prima facie step" (*id*. at p. 329). Thus, the court concluded the initial prima facie review under subdivision (c) "is a preliminary review of statutory eligibility for resentencing, a concept that is a well-established part of the resentencing process under Propositions 36 and 47. [Citations.] The court's role at this stage is simply to decide whether the petitioner is ineligible for relief as a matter of law, making all factual inferences in favor of the petitioner." (*Ibid*.) The court cautioned that, "[b]ecause the court is only evaluating whether there is a prima facie showing the petitioner falls within the provisions of the statute, . . . if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Id*. at pp. 329-330.)

C. *The Record of Conviction Does Not Establish as a Matter of Law That Defendant is Ineligible For Resentencing*

As the Attorney General observes, the record supports defendant's allegation in his petition that he "was charged with and could have been convicted of murder under the natural and probable consequences theory, even though a theory of malice was alleged in the alternative." Although there is evidence that could support a finding that defendant acted with malice in aiding and abetting the murder, the Attorney General concedes "there appears to be no reason why *as a matter of law*

11

. . . [defendant's] claim [that he could not be convicted of murder under the amended sections 188 and 189] must fail based on [defendant's] record of conviction, without resorting to weighing the evidence."  (See *People v. Drayton* (2020) 47 Cal.App.5th 965, 980 [the authority to make determinations of ineligibility under section 1170.95, subdivision (c) "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)"].)

The Attorney General asks that the People "be given an opportunity to brief whether any other information in the record of conviction establishes [defendant's] ineligibility as a matter of law," and that defendant be given an opportunity to file a reply in accordance with section 1170.95.  We conclude they are entitled to those opportunities.

//

//

//

//

//

//

//

//

## DISPOSITION

The judgment is reversed. On remand, the trial court shall appoint counsel for defendant, allow the People and defendant to submit briefing in accordance with section 1170.95, subdivision (c), and determine whether to issue an order to show cause.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.